IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HELEN CURRY                                                                    PLAINTIFF

vs.                                    Civil No. 2:13-cv-02008

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Helen Curry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 9.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability applications on April 7, 2010.  (Tr. 10, 123-130).

In these applications, Plaintiff alleges being disabled due to mental health problems.  (Tr. 182).  At

the administrative hearing in this matter, Plaintiff also testified she was disabled due to a "nervous

tick" in her legs, concentration problems, back problems, and fatigue.  (Tr. 38-39, 48).  Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

alleges an onset date of March 15, 2010.  (Tr. 10).  These applications were denied initially and again upon reconsideration.  (Tr. 62-65).  Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted.  (Tr. 86-88).

On November 16, 2011, this hearing was held in Tulsa, Oklahoma.  (Tr. 27-61).  Plaintiff was present at this hearing and was represented by counsel.  *Id.*  Plaintiff, Plaintiff's stepmother, and Vocational Expert ("VE") Dr. Ann Young testified at this hearing.  *Id.*  At this hearing, Plaintiff testified she was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008) (SSI) and 20 C.F.R. § 404.1563(d) (2008) (DIB).  (Tr. 32).  Plaintiff also testified she had completed two years of college.  (Tr. 33).

After the hearing, on December 21, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 7-22).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2014.  (Tr. 12, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 15, 2010, her alleged onset date.  (Tr. 12, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: compression fracture of the lumbar spine and degenerative joint disease of the lumbar spine, chronic obstructive pulmonary disease, somatic disorder, and affective disorder.  (Tr. 12-13, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 14-20, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained

the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is able to lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk up to six hours in an eight hour work day and sit up to six hours in an eight hour work day, all with normal breaks. The claimant requires a clean air environment. The claimant is able to perform simple and some complex tasks and can relate to others on a superficial work basis.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20-21, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 54-60). Considering her RFC and her PRW, the VE testified Plaintiff retained the capacity to perform her PRW as a fast food worker and hotel housekeeper, both as those jobs are actually performed and as they are generally performed. *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 15, 2010 through the date of his decision or through December 21, 2011. (Tr. 21, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. On November 15, 2012, the Appeals Council denied this request for review. (Tr. 1-3). On January 11, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 25, 2013. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 11, 13. This case is now ready for decision.

## 2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11 at 12-19. Specifically, Plaintiff claims the following: (A) the ALJ erred in failing to fully and fairly develop the record in this case; (B) the ALJ erred at Step Three of the Analysis; (C) the ALJ erred by failing to properly evaluate her subjective complaints; and (D) the ALJ erred in his RFC determination. *Id.* The Court will address each of the arguments Plaintiff has raised.

**A.    ALJ's Development of the Record**

Plaintiff claims the ALJ failed to fully and fairly develop the record as to her back impairment. ECF No. 11 at 12-14. Plaintiff specifically references her back problems resulting from a fall in September of 2011. *Id.* Plaintiff claims the ALJ should have further investigated her "RFC related to her spine impairment" and claims the ALJ did not have "adequate medical evidence" to support his RFC determination regarding Plaintiff's limitations due to her back impairment. *Id.*

5

The Court has reviewed the medical evidence in the record related to Plaintiff's back injury which resulted from a fall in September of 2011.  (Tr. 320-331).  These records reflect Plaintiff injured her back after falling in early September of 2011.  (Tr. 320-322).  After her initial consultation with her physician to assess this injury to her back, she was prescribed a lumbar corset brace, prescribed Ultram for pain, was limited to doing "activity as she can tolerate," and was warned "against doing any type of bending or lifting activities." (Tr. 322).  Despite this initially bleak assessment, by October 17, 2011, Plaintiff reported "feeling better" and had "been wearing her brace." (Tr. 326).  She reported her "activity level has continued to improve" and reported being "nearly to full function." *Id.*  She also described her pain as a 2 on a scale of 1-10 "when she is active." *Id.*

Further, by November 10, 2011, Plaintiff reported she was "doing extremely well" and reported the "only time she notices any pain at all" is when she bends to lift something "and then the pain is just very light." (Tr. 329).  Plaintiff also reported she could walk "without any pain" and was "able to do her activities of daily living without any discomfort." *Id.*  After examining her on this date, and finding she had nearly fully recovered, Plaintiff's physician released her to work with no restrictions.  (Tr. 330) (releasing her "to resume full activity as she can tolerate").

Based upon these medical records, the Court finds the ALJ did not err in developing the record as to Plaintiff's back impairment.  Indeed, these records fully support the ALJ's RFC determination that Plaintiff can perform a wide range of light work.  As Plaintiff herself reported to her physician, she was able to walk "without any pain" and was "able to do her activities of daily living without any discomfort." (Tr. 329).

### B.    Step Three of the Analysis

Plaintiff claims the ALJ's Step Three determination is not supported by substantial evidence

6

in the record.  ECF No. 11 at 14-16.  Plaintiff claims the ALJ did not adequately review whether her

impairments met the requirements of Listing 12.03 (Schizophrenia/Delusional Disorder).  *Id.*

Specifically, Plaintiff claims the following: "There was no analysis of Plaintiff's history of

delusional disorder" when the ALJ evaluated Listing 12.03.  *Id.*

The Court has reviewed Plaintiff's argument on this issue and finds no basis for reversal.

As an initial matter, the ALJ is not required to discuss any and all applicable listings as long as "the

record supports his overall conclusion" that the claimant does not meet the requirements of a listing.

*See Karlix v. Barnhart,* 457 F.3d 742, 746 (8th Cir. 2006).  In the present action, the ALJ specifically

stated he considered Listing 12.03. (Tr. 13).  However, even though the ALJ did consider Listing

12.03, Plaintiff claims the ALJ erred by not considering both the "A criteria" and "B criteria" under

Listing 12.03.  ECF No. 11 at 14-16.

Although it appears the ALJ may not have discussed the "A criteria" of Listing 12.03 as

Plaintiff claims, he did specifically discuss the "B criteria" and found Plaintiff did not meet the

requirements of the "B criteria."  This finding is crucial because for Plaintiff to qualify as disabled

under Listing 12.03, Plaintiff's impairments must meet the requirements of *both* the "A criteria" *and*

the "B criteria."  Thus, there was no need for the ALJ to address the "A criteria" if Plaintiff did not

meet the requirements of the "B criteria."

Further, even if the ALJ did not properly consider Listing 12.03, Plaintiff still has not

demonstrated her mental impairment actually *does* meet the requirements of Listing 12.03.  Notably,

Plaintiff has the burden of demonstrating her impairment is of listing-level severity.  *See Sullivan*

*v. Zebley,* 493 U.S. 521, 530-31 (1990).  In her briefing, Plaintiff provides no analysis of the law or

facts demonstrating her mental impairment meets the requirements of Listing 12.03.  ECF No. 11

at 14-16.  By providing no argument demonstrating her impairment meets the requirements of Listing 12.03, Plaintiff has not met her burden.  Because the Court finds Plaintiff has not met that burden, the Court will not address this issue further.  *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting appellant's conclusory assertion that the ALJ failed to consider whether he met certain listings, where the appellant provided no analysis of the relevant law or facts).

### C.    Plaintiff's Subjective Complaints

Plaintiff claims the ALJ did not properly consider her subjective complaints of back pain. ECF No. 11 at 17.  Specifically, Plaintiff claims the ALJ had a "false understanding of the evidence of record" regarding the back injury she sustained after a fall in September of 2011.  *Id.*

The Court has also reviewed this argument and find it is without merit.  As the Court outlined above, Plaintiff's back pain which resulted from her fall in September of 2011 had almost entirely subsided by November of 2011.  (Tr. 330).  The ALJ noted that fact in his opinion.  (Tr. 17).  The ALJ stated, "When seen November 10, 2011, the claimant reported doing extremely well and the only time she had pain, was when bending to lift something, and then the pain was very light.  The claimant was able to walk without any pain and perform her activities of daily living without any discomfort.  The claimant had discontinued the use of Ultram because she no longer needed it. . . ." *Id.*  Thus, because the ALJ did properly consider Plaintiff's medical records related to her back pain, the Court finds no basis for reversal on this issue.

### D.    RFC Determination

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record.  ECF No. 11 at 17-19.  Specifically, Plaintiff claims that both the ALJ's physical RFC

8

determination and mental RFC determination are not supported by substantial evidence in the record. *Id.*

First, Plaintiff claims the ALJ's physical RFC determination is not supported by substantial evidence in the record. ECF No. 11 at 17-19. In making this argument, Plaintiff again references her back problems. *Id.* As noted above, the Court finds the ALJ properly addressed her medical records related to her back problems and will not address this issue further.

Second, Plaintiff claims the ALJ erred in considering her mental RFC. ECF No. 11 at 17-19. Plaintiff references several specific medical records in support of this argument. Plaintiff first notes that on September 26, 2011, her treating physician, Dr. Hudefi, completed a report and, in that report, he found Plaintiff was unable to work due to her mental problems. (Tr. 319).

The Court has reviewed this "report" and finds it is a one-page checklist form that does not reference any factual findings in support of its conclusions. Indeed, after considering Dr. Hudefi's "checklist" findings, the ALJ discounted them: "The Administrative Law Judge gives little weight to Dr. Hudefi's opinion as it is not consistent with his treatment records or with the evidence as a whole. Dr. Hudefi's records reflect claimant has continued to improve with her medications, objective medical signs and findings are within normal limits and the claimant has reported no complaints other than having a panic attack after missing a few doses of her medications. . . . The claimant testified she began working with little, if any, problem. The claimant also drives an hour and a half back and forth to work each day with no difficulty." (Tr. 18-19).

Based upon the ALJ's reasoning, the Court finds the ALJ properly discounted Dr. Hudefi's opinions. *See Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir. 2010) (holding a treating physician's opinion was properly discounted as it consisted of checklist forms, cited no medical evidence, and

provided little to no explanation).  Accordingly, the Court finds no basis for reversal on this issue.

Plaintiff also claims the ALJ erred by not discussing her "GAF scores in his decision-making."  ECF No. 11 at 19.  Plaintiff bases this argument upon her claim that she did a "text search of the OCR version of the Unfavorable Decision [which] confirms the ALJ never discussed 'GAF.'"  *Id.*  Plaintiff is simply incorrect in this argument, and the ALJ did specifically consider at least one of her GAF scores in his opinion.  Notably, the ALJ specifically found Dr. Walz assigned her a "global assessment of functioning score of 45-50." (Tr. 18).

Further, Plaintiff also references a GAF score of 10 that she was given on March 25, 2010 and claims the ALJ erred in not considering this low score.  ECF No. 11 at 19.  Upon review of the record, it appears Plaintiff was assigned this low GAF score because she was suffering from delusions and attempted suicide.  (Tr. 254).  In his opinion, it appears Plaintiff is correct, and the ALJ did not specifically consider this low GAF in assessing her RFC.  (Tr. 14-20).  However, the ALJ did consider her admission to the hospital and treatment that occurred in March of 2010.  (Tr. 17).  The ALJ referenced the fact Plaintiff's mental condition improved and was stable with medication after she was discharged.  *Id.*  The ALJ also noted Dr. Walz, Ph.D., who evaluated Plaintiff a few months after that admission, found Plaintiff's GAF score had improved dramatically to 45-50 in just a few short months.  *Id.*

Accordingly, because he otherwise properly examined the medical records, the Court finds the ALJ did not error in failing to specifically reference this GAF score of 10.  *See Bradley v. Astrue,* 528 F.3d 1113, 1115-6 n.3 (8th Cir. 2008) (concluding the ALJ "necessarily considered" the claimant's GAF score because the ALJ considered the assessment containing the score).

4.      **<u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of April 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE